BRIDGES, J.,
for the Court:
¶ 1. This is an appeal from the Quitman County Circuit Court, Honorable Kenneth L. Thomas presiding, where Lacy Phillips was convicted of one count of felony driving under the influence. Mr. Phillips was sentenced to serve four years in the custody of the Mississippi Department of Corrections, with that sentence to run consecutively with any other sentences imposed. On appeal, Mr. Phillips presents one issue before this court:
ERRED IN FAILING TO SUSTAIN APPELLANT’S MOTION FOR A MISTRIAL WHEN THE PROSECUTOR REPEATEDLY CROSS-EXAMINED APPELLANT ABOUT WHAT APPELLANT TOLD HIS LAWYER.
Finding no error, we affirm.
FACTS
¶ 2. On April 10, 1998, Lacy Phillips left his home in Clarksdale to go to work. The construction company he worked for was working on a project in Batesville, and he was sent there to help. He got off of work *733 around 8:00 p.m. and proceeded to his wife’s house. Having separated from his wife, he went over to get some clothing and talked to her for a while.
¶ 3. That night on Highway 3, at about 6:00 p.m., between Marks and Lambert, Mississippi, the Mississippi Highway Patrol set up a road block. Officer Milton Williams was working the road block and at trial testified that he was the arresting officer in this case.
¶ 4. It is at this point the State and the defense witnesses give conflicting accounts of what happened. Officer Williams gave the following account. While working at the roadblock, Officer Williams noticed a southbound car which seemed to hesitate, but which proceeded to the roadblock anyway. Upon arrival at the roadblock, this car was discovered to be Phillips’s. Phillips stopped at the roadblock, and Officer Milton noticed the smell of alcohol filled the vehicle. Officer Williams asked for Mr. Phillips’s driver’s license, but he responded it had been suspended. Williams said Phillips confessed to drinking “two beers.” Williams asked Phillips to exit the car, and as Phillips walked to the rear of the vehicle, he almost fell. Williams testified Phillips walked unsteadily, his speech was slurred, and his eyes were red.
¶ 5. Williams put Phillips in his patrol car and took him to the Quitman County Sheriffs Office, and during the drive Williams noticed a strong smell of alcohol in his car not present before that time. Upon arrival at the sheriffs office, Williams had to help Phillips in the door to prevent him from falling. Williams testified he offered the Intoxilyzer 5000 test to Phillips and also read him his rights. Phillips refused the Intoxilyzer test twice, so Williams administered a field sobriety test. Williams testified Phillips failed to walk in a straight line for ten steps and could not stand on one leg.
¶ 6. Phillips testified to and offered a different account of the events that night. Phillips said he saw the road block and turned around to head the other direction. He stopped at a convenience store and went inside to buy some potato chips. Upon leaving the store he was approached by Williams. Williams asked Phillips if he was driving the car, and Phillips said no. Williams asked him for his keys and then used them to open the car. Phillips was then escorted by Williams back to the roadblock site.
¶ 7. Phillips testified that he told Officer Williams he had not had anything to drink that day, and he had asked for an Intoxi-lyzer test. Phillips claims the Intoxilyzer test was refused by the officers at the roadblock. It was while at the roadblock Phillips claims Officer Williams asked him for his driver’s license. Phillips said he did not have it and testified he had to stand on the side of the road for about an hour and a half.
¶ 8. Phillips said a deputy transported him to the sheriffs office with a woman and three other men in the car, and he was at the sheriffs office for about thirty minutes to an hour before Officer Williams arrived there. Phillips testified he asked “four or five” times further for a breath test at the sheriffs office, but was refused. He said several other people at the sheriffs office heard him ask for a breath test and heard those requests denied.
¶ 9. At trial, when Mr. Phillips took the stand, the district attorney asked him whether or not he had told his attorney about these people who had witnessed the officers denying him the Intoxilyzer test. Defense counsel objected to the question on the grounds the information was protected by the attorney/client privilege. The trial court sustained the objection, and the question was not allowed. The jury *734 found Mr. Phillips guilty of one count of felony DUI, and he was sentenced to four years in the custody of the Mississippi Department of Corrections.
LEGAL ANALYSIS
STANDARD OF REVIEW
¶ 10. Hoops v. State establishes that the granting of a mistrial is within the sound discretion of the trial judge. Hoops v. State, 681 So.2d 521, 528 (Miss.1996)(citing Bass v. State, 597 So.2d 182, 191 (Miss.1992)). In addition, the standard this court must follow in deciding whether a trial court was correct in the denial of a mistrial stated in Brent v. State is, “To find error from a trial judge’s failure to declare a mistrial, there must have been an abuse of discretion”. Brent v. State, 632 So.2d 936, 941 (Miss.1994). For this Court to reverse a denial of a mistrial, there must be a finding that the trial judge abused his discretion.
DISCUSSION
WHETHER THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTOR TO CROSS-EXAMINE PHILLIPS ABOUT STATEMENTS HE MADE TO HIS DEFENSE ATTORNEY IN VIOLATION OF THE ATTORNEY-CLIENT PRIVILEGE.
¶ 11. In presenting this issue, Phillips claims the district attorney violated the attorney-client privilege set out in Rule 502(b) of the Mississippi Rules of Evidence. At trial Phillips testified he asked for a breathalyzer test in front of several people and was refused. These “witnesses” were not subpoenaed to testify. On cross-examination, the district attorney asked Phillips if he ever told his lawyer who these people were. His lawyer objected citing the privilege. The objection was sustained. Phillips asked for a mistrial based upon this series of questions, and the trial judge denied it. Phillips appeals on the basis that the mistrial should have been granted because of the improper question.
¶ 12. There was no violation of the attorney client privilege here because neither Phillips nor his attorney ever testified about any confidential information. The objection was sustained, and therefore no confidential information was surrendered. Because of this the attorney-client privilege was not violated. In addition, “When a trial court sustains an objection, it cures any error.” Holland v. State, 705 So.2d 307, 335 (Miss.1997); Perry v. State, 637 So.2d 871, 874 (Miss.1994); Simpson v. State, 497 So.2d 424, 431 (Miss.1986); Gardner v. State, 455 So.2d 796, 800 (Miss.1984). The error appellant cites for his appeal was cured when the trial court sustained the appellant’s objection. Therefore, there was no error.
¶ 13. Phillips also claims that the asking of the question which supposedly violated his attorney/client privilege, somehow interfered with his Sixth Amendment right to counsel, causing him to have been denied effective assistance of counsel. It is very important to note Phillips did not raise ineffective assistance of counsel as a separate issue in this appeal, and because of that, this court is not obligated to address this issue. However, since Phillips did mention it, there will be a very limited discussion of this subject and the applicable law. To prevail on an ineffective assistance of counsel claim one must show (1) deficiency in counsel’s performance, and (2) such deficiency was sufficient to prejudice appellant’s defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Stringer v. State, 454 So.2d 468, 476-77 (Miss.1984).
¶ 14. Phillips does not point to any deficiency in his counsel’s performance, *735 but rather argues that the questions asked by the district attorney interfered with the free flow of information between attorney and client, which therefore hindered his right to effective counsel. Phillips cites the case of U.S. v. Rosner in support of this argument. U.S. v. Rosner, 485 F.2d 1213, 1224 (1973). This case is easily distinguished from the case at hand because in Rosner, the government actually had informants present in strategy meetings between the defendant and his attorneys. Rosner, 485 F.2d at 1224. There were no such informants present in this case and asking questions about what Phillips asked his attorney is not comparable, especially when the judge did not allow the question. In addition, the Court in Rosner held that the presence of the informants did not hinder the defendant’s right to effective counsel. Id. at 1224. Therefore, because there was no deficiency of counsel shown, nor was there any showing of a hindrance put upon Phillips’s attorney-client privilege, then Phillips had effective counsel and his Sixth Amendment rights were protected.
¶ 15. In conclusion, the question asked by the district attorney in this case did not violate the appellant’s attorney/client privilege nor did it interfere with his Sixth Amendment rights. The trial judge rightly sustained the objection and was acting within his discretion in refusing to grant a mistrial in this case. Phillips has failed to prove an abuse of discretion, and this Court affirms the judgment of the lower court.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF QUITMAN COUNTY OF CONVICTION OF FELONY DRIVING UNDER THE INFLUENCE AND SENTENCE OF FOUR YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVE TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO QUITMAN COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.